**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| HAROLD CLARK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:13CV108 NAB |
| | ) | |
| DON HEFFNER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of Harold Clark (registration no. 1083053), an inmate at Maryville Treatment Center, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that the plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $38.70. See 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint, the Court will dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B).

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the

greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement. A review of plaintiff's account indicates an average monthly deposit of $193.50, and an average monthly balance of less than that. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $38.70, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing

the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).  A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry.  First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009).  These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements."  Id. at 1949.  Second, the Court must determine whether the complaint states a plausible claim for relief.  Id. at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id. at 1950.  The plaintiff is required to plead facts that show more than the "mere possibility of misconduct."  Id.  The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief."  Id. at 1951.  When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in

determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred.  Id. at 1950, 1951-52.

## The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983 against several officials at Moberly Correctional Center ("MCC") and the Southeast Correctional Center ("SECC").  Plaintiff seeks monetary and injunctive relief.

Plaintiff's complaint alleges that the issuance of a conduct violation for allegedly adding "spit, cock hairs and boogers" to the food at MCC, and his subsequent placement in administrative segregation caused him to lose "good time credits" and his "conditional release date."  Plaintiff asserts that as a result of these occurrences he was also transferred to SECC because his custody level increased.

At SECC, plaintiff was again placed in administrative segregation, and he remained there for one year and four months.  Plaintiff names defendants Thompson, Buhs, McKay, Seabaugh, Vinson, Clifton, Buchanan, Wallace, Stange, and Clark as the individuals for his placement in administrative segregation and states in a conclusory fashion that his due process rights were denied when he was kept in administrative segregation at SECC.[1]

---

[1]Plaintiff has filed a change of address with the Court indicating that he is currently being housed at Maryville Treatment Center.  However, the Court is unsure of when plaintiff was released from administrative segregation at SECC.

## Discussion

Plaintiff's complaint alleges that the purported actions of the named defendants violated his constitutional rights because he was found guilty of a violation of the Missouri Department of Correction's rules, "given a conduct violation," had his "good time credits" taken away and this, in turn, caused an extension of his "conditional release date."

Plaintiff's claims should be dismissed because judgment in favor of plaintiff would "necessarily imply the invalidity of his conviction or sentence." Heck v. Humphrey, 512 U.S. 477, 487 (1994); Simmons v. O'Brien, 77 F.3d 1093 (8th Cir.1996). When a prisoner seeks damages for an illegal conviction, imprisonment, or other act that would "necessarily" render his conviction or sentence invalid, the prisoner must first prove the conviction or sentence has been invalidated through appropriate channels. Heck, 512 U.S. at 486–87. Plaintiff's claims are not ripe until his underlying conviction or sentence has been set aside.

Likewise, where a state prisoner seeks damages and declaratory relief in an action challenging the validity of procedures used to deprive him of good-time credits or which otherwise affect his out-date, and the challenge to the procedures necessarily implies that the punishment imposed was invalid (*i.e.*, necessarily implies that the denial of good-time credits was invalid), the claim is not cognizable under 42 U.S.C.

§ 1983. Edwards v. Balisok, 520 U.S. 641, 646 (1997); Portley-El v. Brill, 288 F.3d 1063 (8th Cir. 2002).  To challenge his state conviction or sentence in federal court, plaintiff must petition for a writ of habeas corpus.  Preiser v. Rodriguez, 411 U.S. 475, 501 (1973) (inmates cannot use § 1983 to attack the validity or length of their confinement without first exhausting state remedies; habeas corpus, not § 1983, is the exclusive federal remedy when a state prisoner seeks restoration of good time credits taken away by a prison disciplinary proceeding).  Before seeking federal habeas relief, plaintiff must exhaust all adequate and available state court remedies. 28 U.S.C. § 2254(b)(c); Rose v. Lundy, 455 U.S. 509, 520 (1982); Powell v. Wyrick, 657 F.2d 222 (8th Cir.1981).  The state courts must have an opportunity to review the merits of plaintiff's contentions and must be given primary responsibility in their own criminal cases.  Fay v. Noia, 372 U.S. 391(1963);  Tyler v. Swenson, 527 F.2d 877 (8th Cir.1976).

Moreover, the Court notes that inmates do not have a liberty interest in conditional release.  Greenholtz v. Inmates of Neb. Penal Corr. Complex, 442 U.S. 1, 7 (1979) ("there is no constitutional inherent right of a convicted person to be conditionally released before the expiration of a valid sentence").  Inmates only have a constitutional liberty interest in conditional release if such an interest is created by state statute. Id. Missouri does not by statute create a liberty interest in conditional

release.  Adams v. Agniel, 405 F.3d 643, 644 (8th Cir.2005);  Johnson v. Missouri Bd. of Prob. & Parole, 92 S.W.3d 107, 113–14 (Mo.App.2002);  Dace v. Mickelson, 816 F.2d 1277, 1280–81 (8th Cir.1987).  Because Missouri inmates have no liberty interest in conditional release, they also have no liberty interest in any condition or conditions imposed as a part of their grant of conditional release. See Patterson v. Webster, 760 F.Supp. 150, 153 (E.D.Mo.1991) (because no liberty interest in conditional release, no procedural protections attach to the conditions imposed by the Parole Board).  Further, even if the condition imposed on plaintiff's parole violated state law or the institutional policies and procedures of the Missouri Department of Corrections, plaintiff has no liberty interest in defendants following such state law, policies or procedures.  Phillips v. Norris, 320 F.3d 844, 847 (8th Cir.2003) ( citing Kennedy v. Blankenship, 100 F.3d 640, 643 (8th Cir.1996)). As such, plaintiff's allegations fail to state a claim upon which relief may be granted relating to his asserting regarding the loss of his "good time credits" and his "conditional release date."

In order to determine whether plaintiff "possesses a liberty interest, [the Court must] compare the conditions to which [plaintiff] was exposed in segregation with those he . . . could 'expect to experience as an ordinary incident of prison life.'" Phillips v. Norris, 320 F.3d 844, 847 (8th Cir. 2003) (quoting Beverati v. Smith, 120

F.3d 500, 503 (4th Cir. 1997)).  In this context, the Court "do[es] not consider the procedures used to confine the inmate in segregation." Id. (citing Kennedy v. Bankenship, 100 F.3d 640, 643 (8th Cir. 1996)).  For plaintiff "to assert a liberty interest, he must show some difference between [the] conditions in segregation and the conditions in the general population which amounts to an atypical and significant hardship." Id.  Plaintiff makes no such assertions in the complaint.  As a result, plaintiff has failed to allege that defendants have infringed upon a constitutionally protected liberty interest.

As for plaintiff's allegations regarding his stay in administrative segregation at SECC, the Court finds that plaintiff has failed to state a plausible claim for relief. See Iqbal, 129 S. Ct. at, 1950-51.  Plaintiff complains that he was held in the "hole" for one year and four months and he makes a conclusory claim that the defendants were not "fair or impartial" and did not investigate his violation (which occurred at MCC sometime prior) any further.  However, plaintiff misunderstands the review process necessary for a due process claim to arise under the Constitution when an inmate is assigned to administrative segregation. See Kelly v. Brewer, 525 F.2d 394, 399-400 (8th Cir. 1975) (where inmate is held in administrative segregation for prolonged or indefinite period, due process requires that his situation be reviewed periodically in meaningful way; administrative segregation is not punitive, it looks

-8-

to present and future rather than to past, and it involves exercise of administrative judgment and prediction of what inmate will probably do or have done to him if he is permitted to return to population after period of segregation; reason for segregation must not only be valid at outset but must continue to subsist during period of segregation) (emphasis added). Thus, plaintiff has not stated a claim under the due process clause because he has not alleged or provided any factual assertions indicating that he did not receive a "meaningful review" during his time in administrative segregation.   Rather, he clearly states that he received "many classification hearings."   Yet, he fails to state the exact dates of the classification hearings or the persons who conducted the classification hearings on those dates who failed to provide him "meaningful review" of his administrative segregation status, *i.e.* (how plaintiff could be moved to a lower security status at the prison or why it was necessary to keep him in administrative segregation).  As such, the Court cannot say that at this time, plaintiff has stated a claim for relief under the due process clause.[2]

---

[2]Additionally, to state a claim under § 1983 for unconstitutional placement in administrative segregation (and therefore, the procedure afforded plaintiff in his initial hearing process regarding his assignment to administrative segregation), a prisoner "must show some difference between his new conditions in segregation and the conditions in the general population which amounts to an atypical and significant hardship." Phillips v. Norris, 320 F.3d 844, 847 (8th Cir. 2003).  Plaintiff has made no such allegations.  As such, plaintiff has failed to show a denial of his due process

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $38.70 within thirty (30) days of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 16th day of January, 2014.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

_____

rights. <u>Sandin v. Conner</u>, 515 U.S. 472 (1995).

-10-